NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 KA 0140

STATE OF LOUISIANA

VERSUS

BLAYSON PAUL FIFE

Judgment Rendered:   DEC 3 0 2020

* * * * * *

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket Number 36276
Honorable Robert H. Morrison, Judge Presiding

* * * * * *

Scott M. Perrilloux
District Attorney
Zachary Daniels
Assistant District Attorney
Livingston, Louisiana

Counsel for Appellee
State of Louisiana

Prentice L. White
Baton Rouge, Louisiana

Counsel for Defendant/Appellant
Blayson Paul Fife

* * * * * *

**BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.**

**GUIDRY, J.**

The defendant, Blayson Paul Fife, was charged by grand jury indictment with first-degree murder, a violation of La. R.S. 14:30. The defendant pled not guilty and, following a trial, was found guilty by a ten-to-two jury verdict of the responsive offense of second-degree murder, a violation of La. R.S. 14:30.1. The defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals, designating three assignments of error. In his first assignment of error, the defendant challenges his conviction by a non-unanimous jury verdict.[1] In his second assignment of error, the defendant argues the trial court's denial of several cause challenges during voir dire constituted reversible error. In his third assignment of error, the defendant argues the trial court erred in failing to include aggravated burglary as a responsive verdict in the jury instructions.

In the recent decision of Ramos v. Louisiana, __ U.S. __, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court overruled Apodaca v. Oregon,[2] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The Ramos Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. Ramos, 140 S.Ct. at 1406.

---

[1] The defendant filed a pretrial motion to declare a non-unanimous jury verdict unconstitutional.
[2] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in Apodaca. Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with Apodaca, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.

Accordingly, the defendant's conviction and sentence are set aside, and the case is remanded for a new trial. The other issues raised on appeal are rendered moot.

**CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR NEW TRIAL.**